NEW YORK COUNTY.—HON.  D.  G.  ROLLINS,  SURROGATE.— February, 1882.

## BECKER *v.* BOCHUS.

*In the matter of the probate of the will of* HENRY SITTIG, *deceased.*

The intent of the final sentence of Code Civ. Pro., § 2648,—excluding, from the one year's limitation of proceedings to revoke probate of a will, an application to vacate, etc., a decree pursuant to section 2481, subd. 6, —is to soften the rigor of the remainder of the first-named section by extending the Surrogate's general *power* of setting aside, etc., to decrees of probate after a year from their rendition.    After the year, the application is in the Surrogate's discretion.

Accordingly, where a petition for revocation of a probate decree rendered in 1873 was presented after the lapse of more than seven years, by a daughter of testator, who, though then an infant, was not represented by guardian on the probate, she claiming that, by reason of the provisions of the Code mentioned, her time to apply was unlimited,—it appearing that she became of age in 1874:—

*Held,* that her absolute right to contest the probate ceased at the end of a year after the decree was rendered; that she had been guilty of laches by delay; and that the application should be denied.

THIS was a petition by Marguerite Becker, a daughter of decedent, praying for the revocation of probate of his will, and that Martin Bochus and Anton Schneler, the executors, and others, be cited to show cause, etc.    The facts appear sufficiently in the opinion.

THOMAS STEVENSON, *for petitioner.*

JOHN C. CLEGG, *for executors.*

WILLIAM SETTLE, *special guardian for infants.*

THE SURROGATE.—Henry Sittig died in 1873. He left several children, all minors, among whom was his daughter Marguerite, the petitioner. The will was admitted to probate two weeks after decedent's death.

The petition for proof of the will was made by the widow, and erroneously alleged that Marguerite was of age at the time of her father's death. Accordingly, she was not represented by any guardian, general or special. She became of age at some time during the following year, and, in the year 1875, successfully prosecuted, in the superior court of this city, an action against the executors of her father's estate, for money lent him in his life-time. She now seeks, after the lapse of seven years, to procure a revocation of the probate, on the ground of undue influence, coercion, fraud and noncompliance with the legal formalities of execution.

It is claimed, in opposition to this application, that the petitioner is bound by the provisions of section 2648 of the Code. That section provides that such a petition as the one under consideration "must be presented within one year after the recording of the decree admitting the will to probate, except that, when the person entitled to present it is then under a disability specified in section 396 of this act, the time of such disability is not part of the year limited in this section, *unless such person shall have appeared by general or special guardian or otherwise on such probate.*" Infancy is one of the disabilities mentioned in section 396. It would appear, therefore, from the words just quoted, that the time long since elapsed, within which this petitioner could apply to this court for revocation of probate.

But it is claimed, in her behalf, that, by the con-

cluding sentence of section 2648, the portion of that section already quoted is made utterly nugatory, and that the petitioner's status is precisely the same as if she had made her application in 1876. If this is a correct construction of the words in question, the section as a whole is simply absurd. But is it? The words relied upon by the petitioner are the following : " But this section does not affect an application made pursuant to subdivision 6 of section 2481 of this act." That subdivision reads as follows: " A Surrogate, in court or out of court, as the case requires, *has power* . . . to open, vacate, modify, or set aside, or to enter as of a former time, a decree or order of this court."

It seems to me very evident that, by this language, the legislature simply meant to say that, from the general power of setting aside decrees, which was accorded to Surrogates by section 2481, the power to revoke probate of a will was not excluded, even though more than a year might have elapsed since the admission of such will to probate. But a grant of power is by no means identical or necessarily coincident with a requirement for its exercise. I think that the manifest design of the legislature was to permit the Surrogate to exercise his discretion, in entertaining or denying such application for a revocation as would be absolutely barred if the statute of limitations were to be strictly enforced. In other words, the design of the latter portion of the section in question was to soften, in its application to proper cases, the rigor of the earlier portion.

If this construction of the statute is correct, the question which next arises is, whether there is anything in the particular circumstances of this case, to justify me in

granting the prayer of this petition. I do not think that there is. It is unnecessary to decide whether the petitioner is estopped by her dealing with the executors as such, in the suit which she brought against them upon coming of age. But the facts, that that suit was brought, and that seven years have since elapsed, are controlling ones in leading me to deny her application. If she had any equitable rights, she has slept on them too long to wake up and claim them now.

It has been urged, in her behalf, that, by reason of her infancy at the time the will was proved, and her non-representation by guardian, the court had no jurisdiction to admit the will to probate. I think otherwise. And so did the legislature which enacted the section under discussion, as will appear by reference to the words first italicised in the opinion. The phrase, " unless such person shall have appeared by general or special guardian or otherwise on such probate" is meaningless upon any other theory. That language involves a distinct implication that, as to cases where infants and other persons under disability have not appeared by general or special guardian, the limit of time within which they have absolute time to contest the probate is one year after the disability has ceased. After that, they may appeal to the discretion of the Surrogate, whose decision may be reviewed on appeal (§ 2481). The application must be denied.

Ordered accordingly.